UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLEN DREYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: |
| vs. | ) |
| | ) Lincoln County Circuit Court |
| SWIFT TRANSPORTATION COMPANY | ) Case No. 19L6-CC00060 |
| OF ARIZONA, LLC, and KENNETH ARD, | ) |
| | ) |
| Defendants. | ) |

# *NOTICE OF REMOVAL*

COMES NOW defendant Swift Transportation Company of Arizona, LLC ("Swift Transportation"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby files this Notice of Removal of the above-captioned civil action from the Forty-Fifth Circuit Court, Lincoln County, State of Missouri (hereinafter referred to as "the State Court") to the United States District Court for the Eastern District of Missouri, Eastern Division.

In support of its Notice of Removal, defendant Swift Transportation states as follows:

**I.     PROCEEDINGS IN STATE COURT ACTION**

1.     On May 16, 2019, Plaintiff Kellen Dreyer filed a Complaint in the state court against Defendant Swift Transportation and Defendant Kenneth Ard ("Ard") seeking to recover damages for injuries arising out of a motor vehicle accident occurring on February 26, 2018.

2.     Plaintiff's Complaint asserts claims of negligence and negligence *per se* against Defendant Ard and seeks damages allegedly arising out of the motor vehicle accident.

{02201228.DOCX;1}

3. Plaintiff's Complaint asserts claims of negligence, negligence *per se*, and negligent hiring, training, supervision, and retention against Defendant Swift Transportation and seeks damages allegedly arising out of the motor vehicle accident.

4. As a result of the purported negligence of Defendants, Plaintiff's Complaint alleges Plaintiff sustained "severe, permanent and progressive injuries to his neck, back and head" and consequentially incurred medical expenses "in large sums," lost wages, and endured significant pain and suffering, and loss of enjoyment of his life. (Complaint ¶¶ 39–45.)

5. Plaintiff's Complaint further alleges that Plaintiff will incur medical expenses in the future, continue to lose wages due to an impaired earning capacity, and continue to endure significant pain and suffering and loss of enjoyment of his life. (Complaint ¶¶ 39–45.)

6. Count III of Plaintiff's Complaint seeks an award of punitive damages against Defendant Swift Transportation. (Complaint ¶¶ 59–61.)

7. Defendant Swift Transportation was served with Summons and Plaintiff's Complaint on May 29, 2019.

8. Defendant Ard has not been served with Summons and Plaintiff's Complaint and plaintiff will be incapable of serving Defendant Ard in an individual capacity due to his death on May 7, 2018. (See attached Exhibit A, Death Certificate of Defendant Kenneth Ard.)

9. Plaintiff will also be incapable of serving the estate of Defendant Ard because no such probate estate has been opened to date.

10. Plaintiff will also be incapable of causing an estate of Defendant Ard to be opened by probate court because Plaintiff's claim was asserted against Defendant Ard on May 29, 2019– more than a year after the death of Defendant Ard on May 7, 2018 and thus is barred by operation of Mo. Rev. Stat. § 437.444.1.

## II.   GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

11. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the real parties in interest are completely diverse and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00).

12. As alleged and demanded by Plaintiff's Complaint, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**Plaintiff (MO) and Defendant Swift Transportation (AZ/DE) are Completely Diverse**

13. Upon information and belief, Plaintiff was at the time of the commencement of this action and ever since has been, and still is, a citizen and resident of the State of Missouri (Complaint ¶ 4.)

14. Defendant Swift Transportation is now, and was at all pertinent times, a Delaware corporation with its principal place of business in the State of Arizona.

    a.  For purposes of this removal, Defendant Swift Transportation states to the Court that the sole member of Defendant Swift Transportation is Swift Transportation Company, LLC, a Delaware limited liability company with its principal place of business in the State of Arizona.

    b.  For purposes of this removal, Defendant Swift Transportation states to the Court that the sole member of Swift Transportation Company, LLC is Knight-Swift Transportation Holdings, Inc., a Delaware company with its principal place of business in the State of Arizona.

15. Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendant Swift Transportation is deemed a citizen of Delaware and Arizona and all members are also citizens of Delaware and Arizona, respectively.

16. For the purposes of diversity, Plaintiff is deemed a citizen of Missouri and Defendant Swift Transportation is deemed a citizen of Delaware and Arizona and thus are completely diverse under § 1332 as "citizens of different States."

**Defendant Ard, Deceased, is a Nominal Party and not Considered for Purposes of Diversity**

17. Defendant Ard died on May 7, 2018. (See Exhibit A.)

18. A probate estate was never opened on behalf of Defendant Ard.

19. Plaintiff is barred from bringing any claims against the estate of Defendant Ard because all such claims needed to be asserted within one (1) year of his death and thus on or before May 7, 2019. See Mo. Rev. Stat. § 437.444.1.

20. As such, Plaintiff can *only* bring a claim against Defendant Ard to the extent a liability insurer provides coverage to Defendant Ard for the claimed damages and wrongdoing set forth in Plaintiff's Complaint and Plaintiff may only recover such damages "from the wrongdoer's liability insurer." See Mo. Rev. Stat.  537.021.1(2).[1]

21. Under the circumstances, the outcome of this matter and any relief granted in favor of Plaintiff has absolutely no effect on Defendant Ard or his estate.

22. Defendant Ard is therefore a nominal party and his citizenship is not relevant to determining the existence of complete diversity.

23. "A nominal party has been defined as a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the

---

[1] Although it is not relevant to the purposes of removal, the undersigned has contemporaneously filed a Suggestion of Death of behalf of Defendant Ard and intends to file a Motion for Substitution in order to appoint a Defendant ad Litem on behalf of Defendant Ard. The citizenship of a Defendant ad Litem is irrelevant for the purposes of determining diversity because the Defendant ad Litem is a nominal party.

4

lawsuit to avoid procedural defects." *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1113, n.5 (W.D. Mo. 2004)(citing *Black's Law Dictionary*, 1145 (7th ed. 1999)).

24. "[A] nominal party's presence in the case may be ignored in determining jurisdiction because its presence has no controlling significant for removal purposes." See *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) and *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967).

25. "Non-diverse parties that are purely formal or nominal may be ignored in determining jurisdiction." *Barrientos v. Ut-Battelle, LLC*, 284 F. Supp. 2d 908, 913 (S.D. Oh. 2003).

26. Any relief entered against Defendant Ard would be in name only and none of his rights could be affected by any outcome in this matter.

### The Diversity Requirements of § 1332 are Satisfied

27. Because Defendant Ard is a nominal party and cannot be considered for the purposes of diversity jurisdiction under § 1331, the fact Defendant Ard resided in Missouri during his lifetime does not defeat complete diversity.

28. The remaining parties in interest–Plaintiff and Defendant Swift Transportation–are completely diverse and thus satisfy the diversity requirements of § 1332 to invoke the original jurisdiction of this Court.

### III. THE NOTICE OF REMOVAL IS TIMELY

29. Defendant Swift Transportation was served with Summons and Plaintiff's Complaint on May 29, 2019.

30. This Notice of Removal is filed in this Court within 30 days after service of Plaintiff's Complaint on Defendant and therefore considered timely under the requirements of 28 U.S.C. § 1446(b).

31. Defendant Ard has not been served in the State Court Action and indeed will not be capable of being served due to his death, the absence of a probate estate, and the inability to open a probate estate for the purposes of Plaintiff's claim.

32. Because Defendant Ard has not been served, his consent is not necessary for the relief sought by this Notice of Removal. 42 U.S.C. § 1446(b)(2)(A).

33. Even if Defendant Ard was somehow considered properly served, his consent would still be not necessary for the relief sought by this Notice of Removal because Defendant Ard is a nominal party. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349, etc.*, 427 F.2d 325, 327 (5th Cir. 1970)("However, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal.")

### IV. COMPLIANCE WITH LOCAL RULES

34. In accordance with Local Rule 2.02, Defendant Swift Transportation has filed a Civil Cover Sheet, an Original Filing Form, and a Disclosure of Organizational Interests Certificate in addition to its Notice of Removal.

35. In accordance with Local Rule 2.03, a copy of all process, pleadings, and orders served upon Plaintiff in the State Court Action is being filed with this Notice and is attached as Exhibit B.

36. In accordance with Local Rule 2.03, Defendant Swift Transportation will file a Notice of Removal in the State Court Action after filing its Notice of Removal with this Court and subsequently file proof of such filing and service with this Court.

WHEREFORE, Defendant Swift Transportation Company of Arizona, LLC prays this Honorable Court accept jurisdiction of the Action and for all other relief this Court deems appropriate under the circumstances.

/s/Donald L. O'Keefe
Donald L. O'Keefe #39278MO
GAUSNELL, O'KEEFE & THOMAS, LLC
Attorneys for Defendant Swift Transportation
701 Market Street, Suite 200
St. Louis, MO 63101
(314) 257-9807
(314) 257-9801 (fax)
E-mail: dokeefe@gotlawstl.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 28th day of June 2019, to be served by operation of the Court's electronic filing system and via electronic mail upon the following:

Mr. Christopher R. Dixon
Mr. Lee E. Snodgrass
THE DIXON INJURY FIRM
9666 Olive Boulevard, Suite 202
St. Louis, MO 63132
314-282-5905
314-627-5968 (fax)
Email – chris@dixoninjuryfirm.com
Email – lee@dixoninjuryfirm.com
*Counsel for Plaintiff Kellen Dreyer*

/s/Donald L. O'Keefe