# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLEN DREYER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1859 CAS |
| | ) | |
| SWIFT TRANSPORTATION CO. | ) | |
| OF ARIZONA, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Kellen Dreyer's Request for Additional Time, or in the Alternative, Request to Stay. Plaintiff moves for 30 days additional time for the following: to respond to defendant Swift Transportation Co. of Arizona's ("Swift Transportation") motion to dismiss; to file an amended complaint; and/or to move to remand. In the alternative, plaintiff moves that the Court stay this matter for 30 days. Defendant Swift Transportation, the only defendant that has entered an appearance in this matter, does not object to plaintiff's request for additional time to respond to its motion to dismiss. Defendant Swift Transportation does object to plaintiff's request for additional time to file a motion to remand and to file an amended complaint. It also objects to plaintiff's alternative motion to stay. Plaintiff did not file a reply memorandum, and the time to do has expired. For the following reasons, the Court grants plaintiff's motion for additional time to respond to defendant Swift Transportation's motion to dismiss. In all other respects, the motion is denied.

*Background*

Plaintiff filed suit against defendants Swift Transportation and Kenneth Ard on May 16, 2019, in the Circuit Court for Lincoln County, Missouri. The claims in plaintiff's petition arise from a motor vehicle collision. Plaintiff brings the following five counts in state law: negligence against Kenneth Ard (Count I); negligence per se against defendant Kenneth Ard (Count II); negligence against defendant Swift Transportation (Count III); negligent hiring, training, supervising, and retaining against defendant Swift Transportation (Count IV); and negligence per se against defendant Swift Transportation (Count V).

On June 28, 2019, defendant Swift Transportation removed the case to this District pursuant to 28 U.S.C. §§ 1441 and 1446. In its Notice of Removal, Swift Transportation avers that this Court has jurisdiction to hear the dispute on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.

Defendant Swift Transportation was the only defendant to join in removal. According to Swift Transportation, defendant Kenneth Ard died on May 7, 2018.[1] Defendant Swift Transportation attached to its Notice of Removal the purported death certificate of defendant Kenneth Ard.

In its Notice of Removal, defendant Swift Transportation argues diversity of citizenship exists in this case because defendant Swift Transportation and plaintiff Dreyer are completely diverse. As for defendant Kenneth Ard, alleged in the petition to be a resident of Missouri, Swift Transportation argues his citizenship is not relevant to determine the existence of diversity jurisdiction because he died more than a year ago and no probate estate has been opened on his

---

[1]The same day defendant Swift Transportation filed its Notice of Removal, it also filed a Suggestion of Death as to defendant Kenneth Ard pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

2

behalf. Defendant Swift Transportation argues that at most defendant Kenneth Ard is a nominal party in this suit and his citizenship does not break diversity.

On July 5, 2019, defendant Swift Transportation filed a motion to dismiss Counts IV and V of plaintiff's petition pursuant to Federal Rule of Civil Procedure 12(b)(6). That same day, Swift Transportation also filed an answer to the remaining count against it. Plaintiff has not responded to the motion to dismiss.

Plaintiff states in the motion at bar that he is in the process of confirming whether defendant Kenneth Ard has died. Plaintiff contends that if Kenneth Ard has died, which appears likely, "an estate will need to be set up, requiring plaintiff to file an Amended Petition/Complaint and/or Motion to Remand."[2] Doc. 12 at 1-2. Plaintiff requests that he be allowed 30 additional days to respond to defendant's motion to dismiss, and/or to file a motion to remand, and/or to file an amended complaint. In the alternative, plaintiff moves for the Court to enter a 30-day stay in these proceedings.

*Discussion*

To the extent plaintiff moves for a 30-day extension of time to respond to defendant Swift Transportation's motion to dismiss, the Court grants the motion. Plaintiff has shown good cause for the motion, and defendant consents to the request. The Court will allow plaintiff 30 additional days to file a response memorandum to defendant's motion to dismiss.

As for plaintiff's request for extension of time to file an amended complaint, plaintiff's motion is denied as moot. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a

---

[2]Citing to Mo. Rev. Stat. § 437.444.1, defendant Swift Transportation disputes that an probate estate may be set up under Missouri law, because more than a year has passed since the death of defendant Kenneth Ard.

plaintiff may amend a complaint once as a matter of course up to 21 days after service of a Rule 12(b)(6) motion to dismiss. Here, plaintiff's deadline to amend has not run and, therefore, plaintiff's motion for additional time to amend his complaint is denied without prejudice as moot.[3]

Plaintiff also moves for 30 days additional time to file a motion to remand. Under 28 U.S.C. § 1447(c), "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." This statute is strictly construed and the Court lacks the authority to extend the time for plaintiff to file a motion to remand asserting a procedural defect in the removal. Id.; see also Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003) ("[1447(c) ] is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion"); 16 James Wm. Moore et al., Moore's Federal Practice § 107.151[1][d] (3d ed. 2018). That said, the 30-day limit only applies to motions to remand based on a procedural defect in the removal process. 28 U.S.C. § 1447(c). A motion to remand for lack of subject matter jurisdiction is not subject to the 30-day limitation. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). In his motion, plaintiff does not state on what grounds he seeks to file a motion to remand. If it is based on a procedural defect in the removal process, the motion must be made within 30 days after the filing of the notice of removal. If the motion is based on the Court's lack of subject matter jurisdiction, the motion can be made after § 1447(c)'s 30-day deadline has expired.

---

[3]Should plaintiff require additional time after the deadline has passed, plaintiff must move for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiff is reminded he must submit a proposed amended complaint along with his motion for leave to amend.

Finally, plaintiff moves in the alternative for a 30-day stay in the case. The Court has the discretion to enter a stay under its authority to manage its docket. In light of the Court's rulings on plaintiff's motions for extensions of time, the Court finds a stay is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kellen Dreyer's Motion for Additional Time, or in the Alternative, Motion to Stay, is **GRANTED in part and DENIED in part.** [Doc. 12]. The motion is **GRANTED** as to plaintiff's request for a 30-day extension of time to file a response to defendant Swift Transportation Co. of Arizona, LLC's motion to dismiss. The motion is **DENIED without prejudice as moot** as to plaintiff's request for extension of time to file an amended complaint and request for extension of time to file a motion to remand based on lack of subject matter jurisdiction. The motion is **DENIED** as to plaintiff's request for extension of time to file a motion to remand pursuant to 28 U.S.C. § 1447(c). The motion is **DENIED without prejudice** as to plaintiff's request for a 30-day stay in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff Kellen Dreyer shall file a response to defendant Swift Transportation Co. of Arizona, LLC's motion to dismiss by **August 12, 2019.**

                                             _____
                                             **CHARLES A. SHAW**
                                             **UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2019.